IN RE ESTATE OF JOSHUA P. GIBBONS.
NATHAN P. McDONALD, APPELLEE, V. BERTRAND C. GIBBONS, TRUSTEE, APPELLANT.
272 N. W. 553

FILED APRIL 8, 1937. No. 29932.

*Dryden, Dryden & Jensen,* for appellant.

*Nathan P. McDonald* and *M. H. Worlock, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

From an adverse judgment in the county court, Bertrand

C. Gibbons, as trustee, prosecuted error. The district court dismissed his petition in error, and he has appealed.

From the record we glean the following facts: Joshua P. Gibbons died testate, devising and bequeathing some, or possibly all, of his property, after payment of debts, to Bertrand C. Gibbons and Cecil H. Gibbons, as trustees for the administration of the trust provided for in his will. While the record does not clearly show, it does inferentially appear that the estate of Joshua P. Gibbons has been settled, and the property turned over to the trustees named in his will. It appears that a number of actions were begun in the county court and the justice court against the trustees in their trust capacity. Cecil H. Gibbons, one of the trustees, employed plaintiff in this action to represent them as an attorney in defending against those actions. Bertrand C. Gibbons did not join in the employment of plaintiff. Plaintiff as attorney was successful in freeing the trustees from any liability in the several actions that had been brought against them in the county court and justice court. He was not paid his fees for legal services and brought this action in the county court against both trustees, in their capacity as such trustees, to recover the reasonable value of his services. The petition in the county court was entitled:

"In the Matter of the Estate of Joshua P. Gibbons.
"Nathan P. McDonald, Plaintiff,

v.

"Bertrand C. Gibbons and Cecil H. Gibbons, as trustees of the estate of Joshua P. Gibbons under the last will and testament of Joshua P. Gibbons, Deceased, Defendants."

In his petition plaintiff alleged that he had been employed to perform the legal services; that he had performed them, and, as a result of his labors, defendants had been freed from liability in the several actions; that the reasonable value of his services was so much, and he prayed judgment for that amount. Clearly, the action was one at law to recover a specific amount against the trustees as such. The first part of the caption above recited was mere

surplusage. However, it seems, possibly, to have misled the county court. The journal entry of the judgment recites: "In the Matter of the Estate of Joshua P. Gibbons, Deceased. Order for Hearing on Claim." In its findings, the court recites:

"From the evidence the court finds that the services of said Nathan P. McDonald were rendered for said estate and were beneficial to all concerned, and that said services are of the reasonable value of $303.15, and that the objections thereto are overruled. * * *

"It is adjudged and decreed by the court that said claim of said Nathan P. McDonald be and the same hereby is allowed and ordered paid out of any trust funds in said estate. To which Bertrand C. Gibbons excepts."

The form of the journal entry of the judgment clearly indicates that the county court believed that it was allowing a claim against the estate of Joshua P. Gibbons, deceased, while that estate had been closed and the action was against the trustees in their trust capacity.

In his petition in error filed in the district court, Bertrand C. Gibbons complains that the county court erred in attempting to render a judgment against the estate of Joshua P. Gibbons, deceased, and that the district court, therefore, erred in dismissing his petition in error. Clearly, the action in the county court was one against the trustees in their trust capacity, and, if judgment should have been rendered for plaintiff, it should have been rendered against the trustees as such. We think that, if an attempt were made to enforce the judgment as entered and execution issued thereon, there would be no means of enforcing or collecting it. Certainly, if the estate of Joshua P. Gibbons has been closed and the property is in the hands of the trustees, such judgment could not be enforced against the trustees, because it does not run against them, and there is no property in the estate of Joshua P. Gibbons, deceased, as that estate has been closed. We think the transcript filed in the district court discloses that the county court committed error, and the district court, therefore, erred in dismissing the petition in error.

Appellant also alleges that the district court erred in dismissing his petition because the record shows the employment of plaintiff by only one of two trustees. It may be conceded it is a general rule that, where there are two or more joint trustees of a trust, all should act together, unless the trust instrument otherwise provides. However, to this rule there are some exceptions. Trustees of an express trust owe a duty to preserve and protect the trust property against unjust claims, and where actions for recovery of unjust claims are commenced against such trustees in their trust capacity, it is their duty to employ counsel to defend against such actions. In the instant case, it appears from the record that unjust claims were being asserted against the trustees. One of the trustees alone procured the services of an attorney, who succeeded in protecting the trust property in the hands of the trustees against unjust claims. The trustees accepted and received the benefits of such legal services.

Where an attorney is employed by one of two trustees of an express trust to defend in actions against such trustees which are based on unjust claims and is successful in freeing the trustees from liability in such actions, he is entitled to reasonable compensation for his legal services from such trustees. This same principle was applied in *Follmer v. State*, 94 Neb. 217, 142 N. W. 908. In that case a member of the board of educational lands and funds, which board consisted of five members, employed an attorney to represent the board, and such attorney rendered valuable services, which were received by the board, and it was held that the fact that the attorney was not formally employed by the board was immaterial, and that he was nevertheless entitled to compensation for services which were rendered for and on behalf of the board.

For the error above pointed out, the judgment of the district court is reversed and the cause remanded to the district court, with directions to sustain the petition in error and set the cause down for trial in that court.

REVERSED.